# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-50869
Summary Calendar

Lyle W. Cayce
Clerk

RAYMOND H RYAN,

Plaintiff - Appellant

v.

DEPARTMENT OF THE AIR FORCE,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas, San Antonio
USDC No. 5:08-CV-927

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Raymond H. Ryan appeals the district court's dismissal of his complaint in which he sought judicial review of a final decision of the Merit Systems Protection Board ("MSPB"). Because the district court correctly determined that it lacked subject matter jurisdiction, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50869

I.

Ryan was employed as a civilian aerospace engineer for the Department of the Air Force. In September 2005, Ryan was reassigned from Texas to Oklahoma. He was ordered to report for duty in Oklahoma on November 28, 2005, but he requested a delay because of his medical condition. In March 2006, the Air Force terminated Ryan's employment on grounds of excess absenteeism, based on his failure to report for work in Oklahoma. Ryan received severance pay from the Air Force at that time. Ryan challenged his removal before the MSPB. He contended that his discharge was because of disability discrimination and in retaliation for his whistleblowing activities. An administrative law judge ("ALJ") held an evidentiary hearing and sustained the removal. Ryan appealed to the full MSPB.

In an Opinion and Order dated October 4, 2007, the MSPB held that the ALJ had committed procedural error which required that Ryan be reinstated to his job. The MSPB ordered the Air Force to cancel Ryan's removal effective March 21, 2006 and to issue a check to him for the appropriate amount of back pay no later than sixty days after the date of the MSPB's decision. However, the MSPB also upheld the ALJ's finding that Ryan had failed to prove disability discrimination and whistleblower retaliation and, accordingly, it affirmed that portion of the ALJ's decision. A notice appended to the MSPB's Opinion and Order informed Ryan that he could file a civil action against the Air Force on both his discrimination claims and his other claims in an appropriate federal district court, "no later than 30 calendar days after your receipt of this order." He did not do so.

In the meantime, and in compliance with the reinstatement and back pay order, the Air Force directed Ryan to report to work at his assignment in Oklahoma on October 15, 2007. He failed to report, claiming that he needed "official travel orders" and proof of the reinstatement of his employment. In

No. 09-50869

February 2008, Ryan's employment with the Air Force was terminated a second time, this time for his failure to report to work in Oklahoma.[1]

As we have noted, Ryan did not seek further review of the MSPB's October 4, 2007 decision on his discrimination claims. Instead, in December 2007, he filed with the MSPB a petition for enforcement of the October 4, 2007 decision. He did not make any reference to his discrimination claims in his petition for enforcement.

In April 2008, the ALJ denied Ryan's petition for enforcement, holding that the Air Force had established that it canceled Ryan's removal as directed by the MSPB in its October 4, 2007 Opinion and Order. The ALJ concluded that Ryan was not entitled to back pay because he continued to be absent from his assigned location in Oklahoma even after his reinstatement.

In May 2008, Ryan filed with the MSPB a petition for review of the ALJ's April 2008 decision. In September 2008, the MSPB issued a Final Order in which it denied the petition. A notice appended to the order informed Ryan that he had the right to request that the United States Court of Appeals for the Federal Circuit review that decision.

Instead, Ryan filed this civil action in the federal district court in Texas, challenging the MSPB's September 2008 Final Order. Ryan alleged in his complaint that the Air Force had violated his rights under the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family Medical Leave Act, and various other federal statutes – claims that he had not made in his petition before the MSPB. The district court dismissed his complaint on the ground that it lacked subject matter jurisdiction because Ryan had not raised claims of discrimination in the MSPB administrative proceedings.

---

[1] Ryan challenged this February 2008 termination in a separate lawsuit that is now pending in Oklahoma. The Air Force has filed a counterclaim in that lawsuit to recover the severance pay that Ryan received after his first termination in March 2006.

3

No. 09-50869

II.

We review the district court's dismissal for lack of subject matter jurisdiction *de novo*. *Williams v. Wynne*, 533 F.3d 360, 364 (5th Cir. 2008). The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review final orders of the MSPB, except in a case involving discrimination claims, in which case the employee may seek review of the MSPB's decision in federal district court. *See Blake v. Dep't of the Air Force*, 794 F.2d 170, 172 (5th Cir. 1986); *see also* 28 U.S.C. § 1295(a)(9); 5 U.S.C. §§ 7702, 7703(b).

Although Ryan's first challenge to his removal included allegations of discrimination, those proceedings are long passed; and fatal to his claim today is that he did not seek review of that MSPB decision of October 4, 2007. It was that decision in which the MSPB held that Ryan had failed to prove his charges of discrimination. Instead, in his second administrative action, Ryan only petitioned for enforcement of that decision, relating to reinstatement and back pay. Ryan did not allege discrimination either in his petition for enforcement of the MSPB's October 4, 2007 decision, or in his May 2008 petition for review of the ALJ's denial of his petition for enforcement. Accordingly, the district court correctly concluded that it lacked subject matter jurisdiction. *See Blake*, 794 F.2d at 172.

III.

For the foregoing reasons, the district court's dismissal of Ryan's complaint for lack of subject matter jurisdiction is

AFFIRMED.

4