# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2012

No. 11-60559

Lyle W. Cayce
Clerk

RAYMOND H. RYAN; ANA A. RYAN,

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the Decision of the
United States Tax Court
Docket No. 11526-09

Before HIGGINBOTHAM, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Raymond and Ana Ryan (the "Ryans") appeal an adverse Tax Court determination concluding that they owed a deficiency in the form of a 10-percent additional tax[1] for a "deemed" early distribution from Mr. Ryan's federal government retirement account (known as a "Thrift Savings Plan" or "TSP" account). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We note that this is a standard amount upon such an early withdrawal. No finding was sought or made that the Ryans acted to deceive the Government.

No. 11-60559

## FACTUAL BACKGROUND

Mr. Ryan was employed by the United States Air Force (the "Air Force") and had a TSP account. In 2003, he borrowed $50,000 from this account. While such a loan would ordinarily be treated as a "deemed" taxable distribution in the year received, *see* I.R.C. § 72(p)(1)(A); 26 C.F.R. § 1.72(p)-1, A-1(a), the parties agree that this loan initially met the requirements for an exception under § 72(p)(2).

The parties' dispute centers on activities that began three years later when Mr. Ryan failed to report for duty as ordered in a new location asserting that illness prevented him from working at that location. On March 21, 2006, the Air Force removed Mr. Ryan from employment, citing "excessive absence." Thereafter, Mr. Ryan pursued his remedies to obtain reinstatement. Ultimately, the Merit Systems Protection Board (the "Board") ruled partially in his favor on October 4, 2007. The Board ordered that the Air Force had to restore Mr. Ryan to employment effective March 21, 2006 and provide "an appropriate amount of back pay." The Air Force then cancelled his removal and directed him to return to work on October 15, 2007, which he failed to do. The Tax Court concluded that "the Air Force kept petitioner in AWOL [(Away Without Leave)] status from March 21, 2006 onward."[2] Mr. Ryan received no back pay and filed proceedings to enforce the Board's back pay order, which he ultimately lost. *Ryan v. Dept. of the Air Force*, 375 F. App'x 371 (5th Cir. 2010).

In the meantime, on May 18, 2006, Mr. Ryan received a letter regarding his TSP loan requesting repayment due to his removal from service. The letter advised him that he should repay the loan in full by August 21, 2006, or sign and

---

[2] For the first time in their reply brief, the Ryans contend that Mr. Ryan was on "leave without pay" status, not AWOL, but he cites no evidence to refute the Tax Court's contrary finding. It appears from the record before the Tax Court that Mr. Ryan initially was on leave without pay but was placed in AWOL status after it was determined that his absences were excessive.

No. 11-60559

return the "intent not to repay" form. The letter also warned that if he did not repay in full by the August 21 date, his loan would be closed, meaning that "the amount of principal and interest outstanding on [his] loan [would] be reported as taxable income" and subject to an early withdrawal penalty tax. Mr. Ryan failed to take either option provided in the letter; instead, he continued to make monthly payments on his loan, which the TSP personnel accepted and applied to his loan balance until they closed his account on August 21, 2006, at which time he owed $9784. His August 2006 monthly payment (apparently received after August 21) was returned because the account was closed. On August 31, 2006, Mr. Ryan sent a letter requesting that his loan be restored due to his challenge to his removal from service, but his request was rejected.

Mr. Ryan received a form 1099-R indicating that he received an early distribution from his TSP account; the Ryans included this amount on their timely filed 2006 federal income tax form. Before the Tax Court, Mr. Ryan testified that he did so because he believed he should pay the tax on the amount and "worry about getting that money back" later.

Thereafter, the Commissioner of Internal Revenue (the "Commissioner") issued a notice of deficiency seeking 10-percent "additional tax" pursuant to I.R.C. § 72(t) for early distributions from qualified retired plans, such as the TSP account. The Ryans timely contested this determination and also sought a refund on the taxes they had paid on the 1099-R amount. The Tax Court denied the petition for review, and this appeal followed.

## DISCUSSION

The Tax Court entered its decision after conducting a trial on the merits, which included testimony, exhibits, and stipulated facts. Thus, we review its findings of fact for clear error and its conclusions of law *de novo*. *E.g., Green v. Comm'r*, 507 F.3d 857, 866 (5th Cir. 2007). The Ryans do not challenge the Tax Court's conclusion that they bore the burden of proof. *See Welch v. Helvering*,

290 U.S. 111, 115 (1933). Additionally, because they are asserting a position contrary to that taken on their 2006 tax return, they were required to offer "cogent proof" before the Tax Court that the position taken in the return was incorrect. *See Mendes v. Commissioner*, 121 T.C. 308, 312 (2003) ("It has been held repeatedly that positions taken in a tax return signed by a taxpayer may be treated as admissions. . . . [P]etitioner . . . cannot . . . disavow . . . returns [prepared by him] without cogent proof that they are incorrect." (internal citations and quotation marks omitted)).[3]

The Ryans argue that Mr. Ryan did not "separate from service" in 2006, so the exception under § 72(p)(2) to the "deemed distribution" that applied in 2003 continued to apply in 2006. The Ryans concede that a "separation from service" allows the TSP to declare the loan fully due; failure to repay the full principal, then, would result in a taxable distribution in that year. However, they contend that, because the Board in 2007 ordered Mr. Ryan reinstated effective March 21, 2006, he was not "separated" from service and the obligation to repay in full was not triggered.[4] The Ryans contend that Mr. Ryan notified the TSP upon receipt of its March 2006 letter that "the report of his separation from service was erroneous" and that the TSP advised him to continue to pay on his loan, which he did. Thus, he concludes that he neither "fail[ed] to make [required] payments" nor "separated from service." As such, the Ryans argue that they did not receive a taxable distribution in 2006. Also, for the first time in their reply brief, the Ryans argue that the loan was "modified" on March 30,

---

[3] The Ryans do not take the position that the amount remaining on the TSP loan in 2006 could be an early distribution for purposes of tax on the principal $9784 but not for the 10-percent additional tax.

[4] The legal position taken before this court is somewhat contrary to the factual position Mr. Ryan asserted in his Tax Court testimony. There, he argued that he was not reinstated and, instead, that the Air Force failed to take any action that would allow him to return to work. In any event, this discrepancy is not material to our decision here.

No. 11-60559

2006, and that Mr. Ryan paid on the "modified loan" such that he was not in default.[5]

However, the Ryans fail to address the Tax Court's reasoning in denying their relief. The Tax Court explained that if a TSP participant "separates from Government service," the TSP can accelerate the repayment in full by giving notice to the participant (Mr. Ryan). 5 C.F.R. § 1655.15(a)(2). The Tax Court found that this notice was given, and the Ryans do not challenge this notice. The regulations also provide that, if a wrongfully terminated employee is reinstated, the employee-participant must notify the TSP within 90 days of reinstatement in order to "reinstate a loan which was previously declared to be a taxable distribution." *Id.* § 1605.13(d)-(e). At best for him, Mr. Ryan was reinstated in October of 2007, but he offered no proof that he gave the appropriate notice within 90 days thereof. Moreover, the Tax Court concluded that Mr. Ryan's letter in August of 2006 requesting reinstatement was ineffective to constitute the necessary notice because, at that point, Mr. Ryan had not been reinstated (and, indeed, he subsequently received an adverse ruling from the Administrative Law Judge).

Based on the foregoing, we agree with the Tax Court on both counts: Mr. Ryan was required to give notice to the TSP no later than 90 days from October 15, 2007, and he failed to prove that he did so. Accordingly, the loan was never timely reinstated, and we need not determine whether any such reinstatement would have altered the "deemed distribution" calculus.

AFFIRMED.

---

[5] We do not consider arguments raised for the first time in a reply brief. *See Lockett v. EPA*, 319 F.3d 678, 684 n.16 (5th Cir. 2003) ("To the extent that appellants attempt to raise the issue . . . in their reply brief, we view the issue waived."). In any event, the supposed "modification" was based upon the fact that Mr. Ryan was behind in his payments and did not conflict with the later letter advising that his loan had to be repaid in full by August 21 due to his separation from service.