T.C. Memo. 2017-201

UNITED STATES TAX COURT

JOSEPH E. BORMET, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6863-16. Filed October 16, 2017.

<u>Bradley S. McCann</u>, for petitioner.

<u>Angela B. Reynolds</u> and <u>Briseyda Villalpando</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>: Respondent determined a deficiency in petitioner's Federal

income tax of $7,498[1] for failure to report taxable income for tax year 2013 (year

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code as amended and in effect for the year in issue, and all Rule

(continued...)

**[*2]** in issue).  Respondent also determined that petitioner is liable for a 10%

additional tax under section 72(t) and an accuracy-related penalty under section

6662(a).  The issues for decision are whether petitioner:

(1)  failed to report as income a taxable retirement distribution of $26,954

for the year in issue;

(2)  is liable for a 10% additional tax under section 72(t) on early

distributions from a qualified retirement plan; and

(3)  is liable for a section 6662(a) accuracy-related penalty.

We hold that petitioner failed to report the distribution as income and is liable for

the 10% additional tax because the distribution was early and no exception

applies.  Petitioner is also liable for the accuracy-related penalty.

Background

The parties submitted this case fully stipulated under Rule 122.  The full

stipulation of facts and the facts drawn from stipulated exhibits are incorporated

herein by this reference.  Petitioner resided in Illinois when he timely petitioned

this Court.

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.  We round all
monetary amounts to the nearest dollar.

**[*3]** Petitioner holds, and has held since 2012, a qualified retirement account (retirement account), as defined in section 4974(c), through Fidelity Investments. On September 6, 2012, petitioner received a $30,290 loan from his retirement account. Petitioner does not have a copy of the loan agreement. After all briefs were submitted and the record was closed, the Court held a conference call with the parties to give petitioner an opportunity to supplement the record with necessary documentation, but petitioner declined.

Petitioner began making biweekly loan repayments of $259 January 23 and continued until April 25, 2013. Petitioner made one additional repayment of $131 on May 9, 2013. Between May 10 and September 11, 2013, petitioner did not make any repayments.

Petitioner sustained an injury and as a result received short-term disability benefits from October 23, 2012, until his long-term disability benefits began on April 21, 2013. Petitioner returned to work on August 19, 2013. Upon his return to work, petitioner resumed automatic repayment withdrawals from his biweekly pay at an increased amount of $279. These repayments were withdrawn from September 12 to December 19, 2013. Despite petitioner's increased repayments, by September 30, 2013, his loan was in default because repayments were not received in accordance with the loan agreement. Petitioner claims Fidelity

[*4] Investments refinanced his loans, but when respondent requested a copy of the refinancing agreement, he had no written documentation of the purported refinancing. Fidelity Investments provided a letter to the Internal Revenue Service (IRS) Office of Appeals (Appeals) confirming a loan default of $26,954.

On January 28, 2014, petitioner timely filed Form 1040, U.S. Individual Income Tax Return, reporting a Federal income tax liability of $1,631 for the year in issue. Petitioner made total payments of $6,079 and therefore received a refund of $4,448 on February 24, 2014.

On December 14, 2015, respondent issued a notice of deficiency with respect to the year in issue determining that petitioner had failed to include in income $26,954 reported on one of his three Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. (2013 Form 1099-R), from Fidelity Investments. Petitioner timely filed a petition with the Court for redetermination of the deficiency, additional tax, and penalty.

[*5]                              Discussion

I.     Burden of Proof

Taxpayers generally bear the burden of proving that the Commissioner's

determination in a notice of deficiency is incorrect.[2]  Rule 142(a); Welch v.

Helvering, 290 U.S. 111 (1933).  For this presumption to adhere in cases involving

receipt of unreported income, the Commissioner must provide some reasonable

foundation connecting the taxpayer with the income-producing activity.  Pittman

v. Commissioner, 100 F.3d 1308, 1313 (7th Cir. 1996), aff'g T.C. Memo. 1995-

243; Gold Emporium, Inc. v. Commissioner, 910 F.2d 1374, 1378 (7th Cir. 1990),

aff'g T.C. Memo. 1988-559; Zuhone v. Commissioner, 883 F.2d 1317, 1325 (7th

Cir. 1989), aff'g T.C. Memo. 1988-142.  Once the Commissioner has produced

evidence linking the taxpayer with an income-producing activity, the burden of

proof shifts to the taxpayer to prove by a preponderance of the evidence that the

Commissioner's determinations are arbitrary or erroneous.  Helvering v. Taylor,

293 U.S. 507, 515 (1935); Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986).

The parties agree that petitioner received a $30,290 loan from his retirement

account in 2012.  Fidelity Investments provided a letter to Appeals confirming that

---

[2]If various conditions are met, the burden of proof can shift to the
Commissioner under sec. 7491(a).  Petitioner does not contend those conditions
have been met here, and it is apparent from the record they have not.

**[\*6]** petitioner defaulted on the loan in 2013 when $26,954 remained outstanding. Respondent has therefore satisfied any initial burden of production regarding unreported income. Thus, petitioner must come forward with proof that respondent's determination is arbitrary or erroneous or that this income is nontaxable.

## II. Retirement Distribution

If a participant receives a loan from a qualified retirement plan, the amount of the loan is a taxable distribution in the year received. Secs. 402(a), 72(p)(1)(A). However, a loan is not a taxable distribution if the following three requirements are met: (1) the principal amount of the loan does not exceed a statutorily defined maximum amount; (2) the loan is repayable within five years, unless it is a home loan; and (3) except as provided in regulations, the loan requires substantially level amortization over the term of the loan with payments not less frequently than quarterly. Sec. 72(p)(2); sec. 1.72(p)-1, Q&A-3, Income Tax Regs. Additionally, the loan must be evidenced by a legally enforceable agreement. See sec. 1.72(p)-1, Q&A-3(b), Income Tax Regs.

If the qualified retirement plan does not notify the participant that the loan distribution was taxable in the year received, the Court may assume that the loan initially qualified for the section 72(p) exception. Ryan v. Commissioner, T.C.

**[*7]** Memo. 2011-139, aff'd, 482 F. App'x 881 (5th Cir. 2012). Although a loan may initially satisfy section 72(p), "[i]f a plan fails to satisfy these requirements, a deemed distribution will occur at the first time those requirements are not satisfied, either in form or in operation." Owusu v. Commissioner, T.C. Memo. 2010-186, slip op. at 8; sec. 1.72(p)-1, Q&A-4(a), Income Tax Regs.

Although the Court offered to reopen the record, petitioner has not introduced any evidence to show that he falls under the section 72(p)(2) exception. Petitioner has not shown that he met the amortization requirement. He refused to provide records pertaining to his long-term disability and the total amount of benefit payments he received during that time. In addition, he has not shown that he would repay the loan within the original loan term once he returned from leave. He failed to provide a copy of the original loan agreement, an amortization schedule, or a copy of any refinancing agreement.

Without copies of either agreement or an amortization schedule, the only documentary evidence available to the Court is petitioner's 2013 Form 1099-R. Consequently, the Court must assume that the lack of compliance is indicative that the records would not be beneficial to petitioner. Therefore, we find the loan for the year in issue is taxable as a deemed distribution of $26,954 from a qualified plan under section 402(a). See Olagunju v. Commissioner, T.C. Memo. 2012-119

[*8] (holding that a distribution had to be included in gross income when the record contained no loan documents or other evidence showing that the distribution was evidenced by a legally enforceable agreement).

III.    Additional Tax

Section 72(t)(1) imposes a 10% additional tax on early distributions from qualified retirement plans.  Section 72(t)(2), however, sets forth specific exceptions to the general section 72(t)(1) rule that the 10% additional tax applies.  Petitioner did not argue that any of the statutory exceptions applies and does not dispute that he received the distribution before age 59-1/2.  Accordingly, we sustain respondent's determination as to the section 72(t) additional tax.

IV.    Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a penalty for an underpayment attributable to a substantial understatement of income tax.  Section 6662(d)(1)(A) provides that a substantial understatement of income tax exists for a taxable year if the amount of the understatement exceeds the greater of (1) 10% of the tax required to be shown on the return or (2) $5,000.  The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer can show that there was reasonable cause.  Sec. 6664(c)(1).  Circumstances that may indicate reasonable cause and good faith include an

**[*9]** honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs.

The understatement of $7,498 is greater than $5,000, which is greater than $913, which is 10% of the tax required to be shown on the return. Petitioner's substantive claim involved a complicated transaction, but he offers us no reasonable cause for his failure to support his legal and factual position. Accordingly, petitioner is liable for an accuracy-related penalty under section 6662(a).

In reaching our holdings herein, we have considered all arguments the parties made, and, to the extent we did not mention them above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.